IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Barfield, | ) | Civil Action No. 3:05-1008-CMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| John J. Lamanna, Warden, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This case has had a tortured history. The petitioner, Michael Barfield ("Barfield"), filed this case as a pro se Freedom of Information Act ("FOIA") action in the United States District Court for the District of Columbia. Through various motions, Barfield added a claim involving the Bureau of Prison's grievance procedure and allegations that his constitutional rights were violated during a disciplinary proceeding which resulted in the loss of good-time credits. At the time of the alleged violations, Barfield was an inmate at FCI-Marianna, Florida. During this process, Barfield was transferred to FCI-Edgefield, South Carolina. By order dated March 8, 2005, the Honorable Rosemary M. Collyer, United States District Judge for the District of Columbia, dismissed all claims except those relating to the disciplinary hearing. With respect to those surviving claims, Judge Collyer granted Barfield's motion to substitute the Warden of FCI-Edgefield as respondent, converted those claims to habeas claims pursuant to 28 U.S.C. 2241, and transferred the case to this district. The court recognized that Barfield's civil rights claims were barred by Heck v. Humphry, 512 U.S. 477 (1994) and that his sole "remedy for challenging the loss of good-time credits and similar duration-of-confinement claims is by a petition for habeas corpus." (Order, p. 6).

The case was received in this posture and the undersigned issued a "serve order" on April 18, 2005. However, before respondent filed a response, Barfield completed his federal sentence and was turned over to the State of Florida. Respondent filed a "Motion to Dismiss or, in the Alternative, for Summary Judgment" on June 10, 2005. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was filed on June 23, 2005. After Barfield was granted an extension of time to respond, he filed an opposition memorandum and a motion to re-convert his existing habeas claims to his original Bivens claims. Respondent filed a response to the motion on November 15, 2005, and Barfield filed a reply on November 23, 2005.

Respondent has moved to dismiss Barfield's habeas claims because they became moot upon his release from federal custody. Barfield, citing United States v. Johnson, 529 U.S. 53 (2000), concedes that his habeas claims are moot. Johnson held that a term of supervised release is unaffected by reason of excess time served on the original sentence. Thus, a successful habeas action on this basis would not reduce Barfield's term of supervised release.

Barfield argues that this Court should not dismiss his habeas claims, but should instead return them to their original status as civil rights claims and allow him to amend them to name new defendants. Respondent appears to argue that such an amendment would be futile because Barfield has not met the "favorable termination" requirement of Heck, supra. However, there is a substantial question as to whether the Heck rule is applicable when, as here, habeas relief is unavailable. See Muhammad v. Close, 540 U.S. 749, 752, n. 2 (2004) ("Members of the [Supreme] Court have expressed the view that unavailability of habeas for other reasons may also dispense with the Heck requirement. This case is no occasion to settle the issue." (Citations

2

omitted)).  For a full discussion, see Bembenek v. Donohoo, 355 F. Supp. 2d 942 (E.D.Wis. 2005) citing Dewalt v. Carpenter, 224 F.3d 607 (7th Cir. 2000).

Nonetheless, the decision as to whether Barfield should be allowed to amend his action appears to be within the discretion of the Court.  Given the history of this case and the fact that Barfield and the potential defendants are now in Florida where the constitutional deprivation is alleged to have occurred, the undersigned recommends that respondent's motion to dismiss the habeas action be granted as moot, and Barfield's motion to amend be denied.  Barfield would have the opportunity to start anew in a district having jurisdiction of his proposed action.

                              Respectfully submitted,

                              s/Joseph R. McCrorey
                              United States Magistrate Judge

January 19, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201