IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Michael Barfield,**           ) | C/A No. 3:05-1008-CMC-JRM |
|                                 ) | |
|     Petitioner, ) | |
|                                 ) | |
| v.                              ) | **OPINION AND ORDER** |
|                                 ) | |
| **John J. LaManna, Warden,**    ) | |
|                                 ) | |
|     Respondent. ) | |
|                                 ) | |

    Petitioner, proceeding *pro se,* was an inmate at the Federal Correctional Institution in Marianna, Florida, when he filed this action, which was originally filed as a Freedom of Information Act action. Through various motions, Petitioner added a claim involving the Bureau of Prison's grievance procedure and allegations that his constitutional rights were violated during a disciplinary proceeding which resulted in the loss of good-time credits. On March 8, 2005, all claims, except those relating to the disciplinary hearing, were dismissed by order of the Honorable Rosemary M. Collyer, U. S. District Judge for the District of Columbia. Since Petitioner had subsequently been moved to the Federal Correctional Institution in Edgefield, South Carolina, Judge Collyer granted Petitioner's motion to substitute the Warden of the Federal Correctional Institution, Edgefield, South Carolina, as Respondent. In the same order, Judge Collyer converted the remaining habeas claims pursuant to 28 U.S.C. § 2241, and transferred the case to the District of South Carolina. Respondent filed a motion to dismiss or in the alternative for summary

judgment. Petitioner filed a response and a motion to re-convert his existing habeas claims to his original *Bivens* claims. Respondent filed a response to the motion and Petitioner filed a reply.

In accordance with this court's order of reference and 28 U.S.C. § 636(b), this matter comes before the court with the Report and Recommendation of Magistrate Judge Joseph R. McCrorey.

The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

Based on his review of the record, the Magistrate Judge has recommended that the Respondent's motion to dismiss be granted as moot and Petitioner's motion to amend be denied. The Magistrate Judge advised Petitioner of his right to file objections to the Report and the consequences if he failed to do so. Petitioner has filed no objections and

the time for doing so has expired.[1]

After reviewing the Petition, the motions and responses, the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is

**ORDERED** that Respondent's motion to dismiss is **GRANTED** as moot and it is

**FURTHER ORDERED** that Petitioner's Motion to amend is **DENIED** and this action is *dismissed without prejudice.*

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 17, 2006

C:\temp\notesFFF692\~2946555.wpd

---

[1] The envelope containing Petitioner's copy of the Report and Recommendation was returned to the Clerk's Office by the U. S. Postal Service marked "ATTEMPTED NOT KNOWN."